### THE KING vs. ALII, ABO AND AWA.

#### ON EXCEPTIONS.

THE DEFENDANTS were tried together with Aki for the offense of having opium in possession. It was objected that the offenses proved were several, and that they were improperly tried together as for a joint offense. The trial below was on appeal from the decision of a District Justice. There was no indictment ;

HELD, that a joint trial did not amount to a charge of a joint offense, and that the defendants were properly tried together.

Opinion of the Court by McCULLY, J.

On the following bill of exceptions, Circuit Court of the Third Judicial Circuit, May Term, Hilo, 1882. Rex vs. Alii, Abo, Achu and Aki. Charge, having opium in possession. Appeal to the Circuit Court, May Term, 1882, from a conviction before the Magistrate for the district of Kau, Island of Hawaii.

Be it known that the above entitled cause coming on to be heard before a jury of foreigners duly impaneled to try the case, at the May Term in Hilo, on the 8th day of May, A. D. 1882, AUSTIN, J., presiding, Edward Preston, Esq., acting for the Attorney General and William R. Castle, attorney for the defendants ; the said defendants were charged with having opium in their possession at Pahala, Kau, Island of Hawaii, on the 3d day of December, 1881, contrary to the form of the statute in such case made and provided, in accordance

with the return of the District Magistrate hereto attached, and were jointly tried for said offenses.

Kamaliikane, Kiaaina and Waihopu were called as witnesses for the prosecution, and testified that they were present and witnessed a search for opium on the premises of Chung Peu & Company, at Pahala, on the evening of the 3d day of December, 1881, in the house occupied by the defendants Alii, Abo and Achu and there found three parcels containing opium or preparations thereof, one in or upon the personal effects of Alii, separate from the others, one in or upon the personal effects of Abo, separate from the others, and one in or upon the personal effects of Achu, separate from the others; and, also, that in the house occupied by Aki and another person, a parcel containing opium or some preparation thereof was found on a staff or beam of the house. Whereupon the prosecution rested.

And the said defendants by their counsel thereupon moved that the complaint be dismissed and a verdict of acquittal be ordered in favor of the said defendants. Because, the defendants having been jointly charged a several and separate offense against each if anything had been proved.

The Court were of opinion that the offenses as charged might be properly tried together and without confusion or prejudice to the rights of the defendants, and so decided and charged and overruled the motion, and the defendants excepted.

Evidence was then adduced on the part of the said defendants, whereupon the jury retired after due instructions, and returned a verdict of guilty as to the first three of said defendants, and not guilty as to said Aki.

BY THE COURT.

In considering the question here raised it is to be borne in mind that this offense is within the jurisdiction of the District Justice, and was brought in a District Court. Section 919 of the Civil Code prescribes: "He shall not be confined to forms

nor shall he be compelled in any case to preserve any other record of his proceedings than the mere conclusion, determination or judgment at which he may arrive."

The accusation is not made by indictment. If arrested on a warrant the substantial offense is stated therein, but the charge is made more explicit as to the time and place, and the special statute or statutes which have been violated verbally by the Sheriff or other prosecuting officer. The warrant of arrest and the magistrate's certificate of appeal sent up with the record in this case are an example of the above. The warrant charges " the offense of having in possession opium or a preparation of opium." The charge on the magistrate record is " charged with the offense of having opium on their persons on the 3d day of December, 1881, at Pahala, Kau, Hawaii, prosecuted under Chapter 56, of the Laws of 1874, with the amendments of 1876 and 1880." The warrant does not charge the offense as either joint or several. The charge made in Court implies a several offense by the phrase " opium on their persons," each person is therefore charged with having the possession of opium. The testimony all relating to the same time and place and to the same transaction although touching several persons, these persons were tried at the same time. They were severally convicted and severally took appeals to the Circuit Court.

If there had been an indictment there would have been apt words to describe the offense as the prosecution presented it by the testimony, but without an indictment it is left to appear by the testimony as well as by the nature of the act charged, whether there being several persons accused, they are charged with a joint act or several acts. It is always within the power of the defendant or defendants on going to trial to call for an explicit charge in any respect. It appears very clearly in this case that the several defendants were found at the same time in one house, each in possession of a separate parcel of opium. As the testimony was the same

story, it was given but once as to all the defendants. But the circumstance of all the defendants being at once before the jury does not make an offense which was several a joint offense. It is easy to suppose a case when a lot of opium might be in the joint possession of sundry attendants, but that is not the case at bar. Four defendants were put on trial. The jury found that three of them were severally guilty of the offense of having the possession of opium. If these defendants before the trial had moved for a separate trial and shown that the justice of the case required it, it would have been granted them, but not then asking it, it is not afterwards a ground of exception.

The arguments made by counsel and the precedents cited relate to indictments. These are necessarily more formal than the *viva voce* charge made before a magistrate. They expressly include all that is necessary to make the offense, and they exclude proof of whatever is not charged by their terms. Nothing is taken by intendment. But in the case at bar it is rather claimed as we understand, that the offense was treated as a joint offense, while the proof showed that it was several. The only ground for this view is that the trial was united. This is not making the offense joint. The charging words imply severalty, and the form of trial does not affect this. When several are jointly indicted for an offense which may be committed by one person or by several, the indictment is considered by law as a several indictment against each, and one may be convicted and the rest acquitted. Arch. Crim. Plead. and Prac., Vol. 1, p. 607 and note.

Exceptions overruled.

C. Brown, Deputy Attorney General, for the Crown.

W. R. Castle for defendant.

Honolulu, August 15, 1882.